# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:06-cr-00013-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| SHAFEEQ AMEER MALIK MUHAMMAD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion for Amended Judgment under the First Step Act of 2018 [Doc. 182], as amended [Doc. 183].

## I.    BACKGROUND

In March 2006, the Defendant was charged with one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count One") [Doc. 3], a charge which subjected him to a mandatory term of imprisonment of not less than 10 years nor more than life. See 21 U.S.C. § 841(b)(1)(A). In April 2006, the Defendant pled guilty pursuant to a written Plea Agreement to Count One "as set forth in the Bill of Indictment" and admitted to being in fact

guilty as charged in that Count. [See Doc. 28: Plea Agreement at ¶ 1; see also Doc. 29: Rule 11 Inquiry at 3 ¶ 11, 7 ¶ 27]. The Government did not file a Bill of Information or a Superseding Bill of Indictment, and the Defendant did not plead to a lesser included offense. The Judgment shows that the Defendant was adjudicated guilty of 21 U.S.C. §§ 846 and 841(b)(1)(A) and was sentenced to a term of 190 months' imprisonment. [Doc. 57: Judgment at 1, 2].

However, the Defendant was sentenced as though he had pled pursuant to 21 U.S.C. § 841(b)(1)(B). The Presentence Report made clear that the Defendant was involved in only one drug transaction, a sale to a confidential source of 40.8 grams of crack cocaine on July 20, 2005. [Doc. 63: PSR at 5 ¶ 18]. This is obviously less than the 50-gram threshold amount for sentencing under § 841(b)(1)(A) that was applicable at the time.[1]

---

[1] Curiously, the Plea Agreement provided a joint recommendation that the Defendant be held responsible for only 5 to 20 grams of crack cocaine. This is inexplicable and may give the appearance of impermissible fact bargaining, except for the fact that the difference between 20 grams and 40.8 grams was ultimately irrelevant to the Defendant's sentencing. Since the Defendant pled to the conspiracy charge based solely on the *one* July 20, 2005 drug transaction, and it is undisputed that the substance conveyed was 40.8 grams of crack cocaine, the Defendant is either responsible for 40.8 grams or he is actually innocent of the offense. There is no middle ground on which the Court could find that the transaction involved only 5 to 20 grams of crack. For these reasons, the Court disregards the parties' joint recommendation regarding drug quantity as stated in the Plea Agreement.

The Defendant was determined to be a career offender. Employing the lower drug quantity as stipulated by the parties, the Court calculated the Defendant's guidelines range based on the statutory range that would apply had the Defendant been adjudicated guilty under § 841(b)(1)(B) rather than (b)(1)(A). The Court calculated the Defendant's guidelines range to be 188 to 235 months and imposed a sentence of 190 months' imprisonment plus four years of supervised release.[2]

The Defendant now moves for relief under the First Step Act of 2018. [Docs. 182, 183]. The Government agrees that the Defendant is eligible for sentencing relief but requests that the Court exercise its discretion to deny the Defendant's motion because of his extensive criminal history and his consistent misconduct while in the Bureau of Prisons. [Doc. 184].

## II.    DISCUSSION

At the time that the Defendant was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life if the offense involved more than 50 grams of cocaine base, 21 U.S.C. § 841(b)(1)(A), and a mandatory minimum sentence of 5 years

---

[2] The four-year term of supervised release also reflects a sentence pursuant to § 841(b)(1)(B) rather than (b)(1)(A).

and a maximum of 40 years if the offense involved more than 5 grams, 21 U.S.C. § 841(b)(1(B).

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." First Step Act of 2018, 132 Stat. 5194, 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may ... impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010

(Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

The Defendant is eligible for a reduced sentence because the Court "imposed a sentence for a covered offense" within the meaning of Section 404(b). Whether the sentence was imposed for the Defendant's count of conviction (per § 841(b)(1)(A)) or for the offense of distributing 40.8 grams of crack (per § 841(b)(1)(B)) as the Court obviously did, is irrelevant. Both (a)(1)(A) and (a)(1)(B) are "covered offense[s]" under Section 404(a) of the First Step Act. Therefore, under Section 404(a), the Court "*may . . .* impose a reduced sentence as if Sections 2 and 3 of the First Step Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, 132 Stat. 5194, 5222.

The Fair Sentencing Act of 2010 increased the threshold quantity of crack cocaine from 5 grams to 28 grams in order to subject a defendant to an enhanced statutory range of 5 years to 40 years. As addressed above, however, the Defendant was convicted of conspiracy to possess with intent to distribute crack cocaine, based upon a single transaction involving the distribution of 40.8 grams of crack cocaine. Thus, it is not at all speculative that the Defendant would have been prosecuted pursuant to § 841(b)(1)(B), even if the Fair Sentencing Act of 2010 had pre-dated his offense. Therefore,

the Defendant would still have been subjected to a 5-year to 40-year statutory range.

Because the Defendant is a career offender, his base offense level is dictated by the statutory maximum. Thus, per U.S.S.G. § 4B1.1(b)(2), his offense level would have still been 34. Allowing for a three-level reduction for acceptance of responsibility, the Defendant's total offense level would have still been 31 and his Guidelines range would have still been 188 to 235 months, precisely what it was at his original sentencing. This would indicate that the Court should not, in the exercise of its discretion, grant a reduced sentence, notwithstanding the fact that the Defendant is technically eligible for such a reduction.

The Defendant argues that his base offense level should be reduced from 34 to 32 because "[h]e was convicted . . . subject to § 841(b)(1)(B)'s penalty scheme requiring a mere 5 grams of crack." [Doc. 183 at 5]. This is a dubious assertion. The Defendant clearly pleaded to all the elements of § 841(b)(1)(A) [Doc. 29], and his Judgment so reflects [Doc. 57]. The Defendant may have been *sentenced* as though he had been convicted of a lesser included offense, but that is ultimately irrelevant.

The Defendant implies that he is only responsible for 5 grams of crack cocaine based on his Plea Agreement. This argument is presumably based

on the holding of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that any fact, other than the fact of a prior conviction, or such as is admitted by the Defendant, that increases a statutory maximum penalty is an element that must be charged in the indictment and proved to a jury beyond a reasonable doubt. In the ordinary case, that argument may have some traction. But here, the Defendant admitted to having committed the one sale at issue. The Defendant has never contested that the laboratory report regarding that one sale shows that it consisted of 40.8 grams of crack cocaine. These facts are a far stretch from <u>Apprendi</u>.

Even if the Defendant is correct regarding <u>Apprendi</u>'s impact on the calculation of the Guidelines range, his argument does not sway the Court's exercise of its discretion. For the reasons discussed above, if the facts of the Defendant's case had been before the Court with the Fair Sentencing Act of 2010 provisions in place, the Defendant's sentence would have been the same.

In addition, considering the Defendant's criminal history and his extensive record of infractions while in BOP custody, the Court concludes that a reduction would not be appropriate. The First Step Act makes clear that the decision of whether to reduce a sentence, and the extent of any such reduction, remains a matter within the Court's discretion. <u>See</u> Pub. L. No.

115-391, §§ 404(a)-(b), 132 Stat. 5194, 5222.  In exercising that discretion, the Court may consider such factors as the Defendant's criminal history and the Defendant's disciplinary record while in the Bureau of Prisons.  See United States v. Dixon, No. 0:09-207-03 (CMC), 2019 WL 2206326, at *4 (D.S.C. May 22, 2019) (denying request for imposition of time served sentence and instead imposing reduced sentence of 180 months in light of defendant's criminal history and seriousness of disciplinary infractions); United States v. Jones, No. 3:00cr230, 2019 WL 2171100, at *3 (E.D. Va. May 8, 2019) ("the Fourth Circuit has recently made clear that in analogous § 3582(c)(2) proceedings district courts must adequately consider evidence of rehabilitation and other post-conviction mitigating conduct") (citing United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019)).  The Government urges the Court to exercise that discretion here to deny the Defendant's motion for a reduced sentence.  [Doc. 198].

The Defendant has an extensive criminal history.  When the Court originally sentenced him, the Defendant already had accumulated 15 criminal history points, more than required to place his criminal history in CHC VI.  [See Doc. 63: PSR at ¶ 60].  Moreover, the Supplemental Presentence Report indicates that the Defendant has incurred 36 disciplinary infractions during his 11 years in BOP custody, including multiple instances

of fighting, threatening bodily harm, disruptive conduct, engaging in sexual acts, and assaulting without serious injury. [See Doc. 180: Supp. PSR at 2-3]. Given the Defendant's substantial criminal history and the seriousness of his disciplinary infractions while in BOP, the Court determines in the exercise of its discretion that the Defendant's immediate release would not afford an adequate deterrence to criminal conduct, would not adequately protect the public from further crimes, and would not allow for adequate preparation of the Defendant for his release. Accordingly, based on the entire record of the case, the Court is persuaded that even though the Defendant is eligible for a sentence reduction under the First Step Act, such reduction should be denied under the facts of this case.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Amended Judgment under the First Step Act of 2018 [Doc. 182], as amended [Doc. 183], is **DENIED**.

The Clerk is directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: July 12, 2019

Martin Reidinger
United States District Judge